UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
FILED
APR 21 2022
AT COVINGTON
ROBERT R. CARR
CLERK U.S DISTRICT COURT

CRIMINAL ACTION NO. 21-67-S-DLB-CJS

UNITED STATES OF AMERICA                PLAINTIFF

V.                **BINDING PLEA AGREEMENT**

SHAKIR LITTLE                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2252(a)(1) (Transporting or Shipping a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1 and 3. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a Sentencing Guidelines range of 168–210 months and a specific sentence of 168 months. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Count 2 are:

    (a) The Defendant knowingly transported visual depictions in interstate or foreign commerce, by any means including by computer; and

    (b) The production of such visual depictions involved the use of a minor engaging in sexually explicit conduct; and

    (c) The visual depictions were of a minor engaged in sexually explicit conduct; and

    (d) The Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On or about July 27, 2021, the Boone County Sheriff's Office conducted an undercover prostitution sting at the Hampton Inn, located in Walton, Boone County, Kentucky, by placing an advertisement for prostitution services online. The advertisement made no mention of a minor. The Defendant, however, responded to the advertisement and requested to have sexual intercourse with whom he believed to be the prostitute and the prostitute's 13-year-old daughter. The Defendant also asked the individual whom he believed to be the prostitute whether she had additional minor daughters, specifically a child as young as six years old.

    (b) Later that evening, the Defendant traveled from Ohio to Boone County, Kentucky, to engage in the prostitution services he requested.

    (c) Upon arriving at the Hampton Inn, the Defendant went inside the hotel, and was ultimately arrested in the lobby. During the search of the Defendant incident to his arrest, officers located his cell phone on his person.

    (d) Law enforcement subsequently obtained a search warrant for the forensic examination of the cell phone. A forensic review of the cell phone – which had been transported from Ohio to Kentucky – revealed approximately 335 videos and images of child pornography on the phone, most of which were found in the phone's Kik application. The Defendant admits that he knowingly transported these videos and images in interstate commerce and that he knew that they contained minors engaged in sexually explicit conduct.

    (e) The forensic review of the cell phone also revealed an application to a cloud storage and file hosting service with a user account associated with the following e-mail address: shakirlittle@*****.com. Homeland Security Investigations obtained a federal search warrant to search the cloud storage and file hosting service. A forensic review of the user account associated with the service revealed approximately 500 files that matched hash values for confirmed child sexual abuse material.

4. The statutory punishment for Count 2 is not less than 5 years and not more than 20 years in prison, a $250,000 fine, and at least 5 years of supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing. Pursuant to Section 101 of the Justice for Victims of Trafficking Act of 2015, an additional assessment of $5,000 applies to any non-indigent person or entity convicted of Chapter 110 crimes. Pursuant to 18 U.S.C. § 2259A, an assessment of not more than $35,000 applies because a violation of 18 U.S.C. § 2252(a)(1) constitutes "trafficking in child pornography" as defined in 18 U.S.C. § 2259(c)(3).

5. The United States and the Defendant agree to the following sentencing guidelines calculations and specific sentence, which binds the Court upon acceptance of this plea agreement.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, determines the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

    (c) Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

    (d) Pursuant to U.S.S.G. § 2G2.2(b)(2), the offense level should be increased by 2 levels because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

    (e) Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), the offense level should be increased by 2 levels because the Defendant knowingly engaged in distribution.

    (f) Pursuant to U.S.S.G. § 2G2.2(b)(4)(B), the offense level should be increased by 4 levels because the offense involved material that portrays sexual abuse or exploitation of an infant or toddler.

(g) Pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level should be increased by 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

(h) Pursuant to U.S.S.G. § 2G2.2(b)(7), the offense level should be increased by 5 levels because the offense involved 600 or more images.

(i) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

(j) The Defendant's total offense level is level 34 with acceptance of responsibility.

(k) The Defendant has 2 criminal history points, which places the Defendant in criminal history category II.

(l) Based on an offense level 34 and criminal history category of II, the Guidelines range for imprisonment is 168–210 months.

(m) The Defendant's sentence of imprisonment shall be 168 months.

(n) Pursuant to U.S.S.G. § 5E1.1, restitution is required and will be determined by the Court at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction as well as any victims whose images are contained in the relevant conduct described in Paragraph 3, pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A. This agreement by the Defendant is applicable only for identified victims who request restitution on or before the date of the sentencing hearing.

(o) The Defendant's term of supervised release shall be 8 years. In addition to the mandatory and special conditions of supervised release listed in U.S.S.G. § 5D1.3, the conditions of supervised release shall also include the special conditions typically imposed by this Court in cases involving child pornography.

6. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

7. The Defendant agrees to abandon the black iPhone XR found on his person, and further agrees that he will execute any documents necessary and not contest his abandonment of the iPhone. Defendant consents to the destruction of the iPhone.

8. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading

guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 4/21/22     By: _____
                      Kyle M. Winslow
                      Assistant United States Attorney

Date: 4-21-22

_____
Shakir Little
Defendant

Date: 4-21-22

_____
Eric Eckes
Attorney for Defendant

**APPROVED**, this 21st day of April, 2022.

_____
DAVID L. BUNNING
UNITED STATES DISTRICT JUDGE

8